IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Action No. H-18-101-1 |
| v. | § | |
| | § | Civil Action No. H-22-3819 |
| DERRICK ISAIAH STEWART | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Derrick Isaiah Stewart filed a *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Docket Entry No. 109). The Government filed a response seeking dismissal of the motion, and served defendant a copy at his address of record on February 7, 2023. (Docket No. 121.) Defendant has not responded to the motion, and the motion is deemed unopposed under L.R. 7.4, Local Rules of the United States District Court For the Southern District of Texas.

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** defendant's motion for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

On May 21, 2018, defendant executed a written plea agreement and pleaded guilty to two counts of aiding and abetting interference with commerce by robbery (Hobbs Act) under 18 U.S.C. §§ 1951(a) and 2, and one count of aiding and abetting, carry, use, and brandishing of a firearm during and in relation to a crime of violence under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Docket Entry No. 49.)

On February 11, 2019, the Court sentenced defendant to a term of 63 months as to the two counts for aiding and abetting interference with commerce by robbery (Hobbs Act), to be served concurrently, followed by a term of 84 months as to the single count for aiding and abetting, carry, use, and brandishing of a firearm, to run consecutively to the Hobbs Act robbery sentence, for a total sentence of 147 months. (Docket Entry No. 101.) Judgment of conviction was entered on February 14, 2019. *Id.* No appeal was taken.

Defendant claims in the instant motion that aiding and abetting a Hobbs Act robbery is not a crime of violence and cannot serve as a predicate offense for his 18 U.S.C. § 924(c) conviction and consecutive sentencing, citing *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022).[1]

The Government argues that habeas relief should be denied because defendant's claims under *Davis* and *Taylor* were waived by his plea agreement, are barred in part by limitations, and have no merit.

All of the Government's grounds for dismissal have merit. However, the Court will dismiss defendant's habeas petition as foreclosed by a recent decision of the United States Court of Appeals for the Fifth Circuit, which was issued after the Government filed its response to defendant's section 2255 motion.

---

[1] Although defendant's motion discusses a habeas petitioner's burden of proof for ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984), defendant raises no claims for ineffective assistance of counsel.

2

## II. ANALYSIS

The Fifth Circuit Court of Appeals recently held that aiding and abetting Hobbs Act robbery is a crime of violence under the elements clause. *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. March 22, 2023). ("[W]e conclude that the substantive equivalence of aiding and abetting liability with principal liability means that aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence.").

Consequently, defendant's claim that aiding and abetting Hobbs Act robbery is not a crime of violence and cannot serve as a predicate offense under 18 U.S.C. § 924(c) warrants no habeas relief.

## III. CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 109) is **DENIED**. A certificate of appealability is **DENIED**. The Government's motion for a five-day extension to file its response (Docket Entry No. 120) is **GRANTED**. The related civil case C.A. No. H-22-3819 (S.D. Tex.) is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 15th day of June, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE